EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUAN SMITH,

       Plaintiff,                                 Civil Case No. 06-CV-12794

v.                                                JUDGE PAUL D. BORMAN
                                                     MAGISTRATE JUDGE PAUL J. KOMIVES

CHAD HERMANS, DETECTIVE
SERGEANT WUNDRACH and the
CITY OF PONTIAC,

       Defendants.
_____/

**ORDER (1) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. BACKGROUND**

Presently before the Court is Magistrate Judge Komives' Report and Recommendation dated August 28, 2008 (Dkt. No. 42), which recommended that the Court grant defendants Chad Hermans ("Officer Hermans"), Detective Wundrach and City of Pontiac ("Defendants'") summary judgment on Plaintiff's Fourth Amendment excessive force claim; deny Defendants' summary judgment on Plaintiff's Fourth Amendment probable cause claim; and grant the motion with respect to Plaintiff's Fourteenth Amendment equal protection claim. Neither Plaintiff nor Defendants filed objections. For the reasons stated below, the Court accepts in part and rejects in part the Report and Recommendation. The Court accepts the Report and Recommendation granting Defendants' motion on Plaintiff's Fourth Amendment excessive force claim and Fourteenth Amendment equal protection claim. The Court rejects the Report and Recommendation denying Defendants' motion on Plaintiff's Fourth Amendment probable cause claim.

1

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

## III. ANALYSIS

Magistrate Judge Komives, in his Report and Recommendation, found that Plaintiff's Fourth Amendment lack of probable cause claim was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As Magistrate Judge Komives noted:

> In *Heck*, the Supreme Court considered "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." *Heck*, 512 U.S. at 478. The Court held:
>
>> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

2

relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-487 (internal footnote omitted). The Court further explained:

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 487 (internal footnote omitted).

Here, Plaintiff was convicted of violating two Michigan Statues—Mich. Comp. Laws §§ 750.479a(4)(a)[1] and 750.81d(2).[2] While both of these statutes proscribe different conduct and contain separate elements, they both involve a suspect's conduct towards a police officer. Plaintiff claims that Officer Herman's detention of Plaintiff without probable cause was a violation of his Fourth Amendment rights against unlawful search and seizure. He further alleges that such a claim

---

[1] Mich. Comp. Laws § 750. 479a provides in relevant part: (1) A driver of a motor vehicle who is given . . . [a] signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the vehicle, . . . or otherwise attempting to flee or elude the police or conservation officer. . . . (4) . . . an individual who violates subsection (1) is guilty of second-degree fleeing and eluding, a felony punishable by imprisonment for not more than 10 years or a fine of not more than $10,000.00, or both, if 1 or more of the following circumstances apply: (a) The violation results in serious impairment of a body function of an individual.

[2] Mich. Comp. Laws § 750.81d(2) provides: "An individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers [a police officer] who the individual knows or has reason to know is performing his or her duties causing a bodily injury requiring medical attention or medical care to that person is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $5,000.00, or both."

is not barred by *Heck* because the claim is based upon events for which Plaintiff was never charged.

Magistrate Judge Komives reasoned that because Plaintiff was never charged with any offense relating to the initial 911 call for which Officer Hermans seized Plaintiff, a finding by the Court that Officer Hermans lacked probable cause in regard to that initial stop does not necessarily demonstrate the invalidity of any of Plaintiff's convictions.

While the Court views Magistrate Judge Komives' analysis of *Heck* as proper, the Court finds that an application of *Heck* is unnecessary to resolve Plaintiff's Fourth Amendment probable cause claim. Instead, the Court holds that Plaintiff's Fourth Amendment claim is barred by (1) his own testimony and (2) his own statements to the Court. First, during Plaintiff's plea, Plaintiff admits that as far as he knew, Officer Hermans was *acting in the lawful performance of duties* when he was pulled over by the police officer. (Defs.' Br. Ex. B, Pl.'s Plea, 17:9-17).[3] Second, in Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff attached a notarized copy of a letter that he wrote to the editor of the *Oakland Press* in response to an article that the newspaper published regarding Officer Herman's attempted detention of Plaintiff. (Pl.'s Resp. to Def.'s Mot. for Summ. Dismissal at 4–6, May 19, 2008). In the letter, Plaintiff admits that shortly before Officer Herman's attempted arrest of Plaintiff, Plaintiff got into an argument with his estranged wife. Plaintiff further admits that their "voices were very loud and . . . that [they] probably could be heard outside of [their] home." (Pl.'s Resp., Letter Attach. at 1). Plaintiff then acknowledges that a female friend of his wife made an emergency 911 call to the police with regard to his specific conduct. (*Id.*).

---

[3] "The Court: As far as you know, they--he was acting in the lawful performance of his duties?
Defendant: Yes."

Thus, Plaintiff not only admits that Officer Hermans was acting within the lawful performance of his duties when he pulled over Plaintiff, but also that an emergency 911 call regarding Plaintiff's argument with his estranged wife was made to the police shortly before the incident in question took place.[4]

As the U.S. Supreme Court has noted, a police officer may "arrest a suspect without a warrant if there is probable cause to the believe that the suspect has committed or is committing an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979) (citations omitted). "Probable cause" exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id*. at 37.

Given Plaintiff's own admissions about the facts and circumstances of Officer Herman's attempted arrest of Plaintiff, the Court finds that there was abundant probable cause to satisfy the constitutional prerequisite for an arrest. As a result, it need not even analyze whether Plaintiff's Fourth Amendment probable cause claim is barred by *Heck*. Therefore, the Court rejects the Report and Recommendation on the probable cause claim and grants Defendants' Motion for Summary Judgment as to that issue.

Having reviewed the Magistrate Judge's Report and Recommendation, the Court accepts the Report and Recommendation as to GRANTING Defendant summary judgment on Plaintiff's Fourth Amendment excessive force and Fourteenth Amendment equal protection claim, but REJECTS the

---

[4] Plaintiff also contends that "[Christine] Douglas made a false report to the 911 dispatcher." (Pl.'s Resp., Letter Attach. at 3). This confirms that Plaintiff concedes that Officer Hermans acted based on a confirmed 911 emergency call. That Plaintiff believes that the call's information was false does not undercut the fact that there was such an emergency 911 call and that the officer could rely upon it in good faith.

Report and Recommendation as to denying Defendants' motion for summary judgment on Plaintiff's Fourth Amendment probable cause claim. The Court therefore GRANTS Defendant Summary Judgment on Plaintiff's probable cause claim. This disposes of Plaintiff's remaining claims in this case.

**SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: September 29, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 29, 2008.

                                        s/Denise Goodine
                                        Case Manager